UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                             Plaintiff,

v.

ABDOU DIALLO,

                             Defendant.

Crim. No. 20-233(9) (JRT/DTS)

**MEMORANDUM OPINION AND ORDER DENYING REQUEST TO FILE MOTION FOR RECONSIDERATION**

---

Harry Jacobs, Joseph H. Thompson, and Melinda A. Williams, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Andrew H. Mohring, **GOETZ AND ECKLAND P.A.**, 615 First Avenue Northeast, Suite 425, Minneapolis, MN 55413; Kelly J. Keegan, **BRANDT CRIMINAL DEFENSE**, 2150 Third Avenue North, Suite 210, Anoka, MN 55303, for Defendant.

The Court previously adopted Magistrate Judge David T. Schultz's Report and Recommendation ("R&R") and denied Defendant Abdou Diallo's Motion to Suppress. Diallo filed a letter requesting permission to file a motion for reconsideration of that ruling, which the Court denied. This opinion will explain the Court's decision to withhold permission to file a motion for reconsideration.

## BACKGROUND

The Court provided an extensive factual and procedural background in its order adopting the R&R and will not redo that exercise here. (Mem. Op. & Order Adopting R.

& R. ("Order") at 2–5, June 5, 2023, Docket No. 287.) The Court will only recite the facts that are particularly relevant to its consideration of Diallo's reconsideration request.

The government executed two search warrants, the second of which was based on items found during the first search. (Order at 4.) Included in that second search were "Account" emails and an "Accountant Zip-Folder." (Letter to District Judge at 2, Aug. 25, 2023, Docket No. 304.) In the challenged Order, the Court found that the first search warrant was overbroad. (Order at 9–10.) The Court nonetheless concluded that the good faith exception applied so the evidence from the first warrant did not need to be suppressed. (*Id.* at 10–11.) Because the good faith exception applied to the first warrant, the Court rejected Diallo's fruit of the poisonous tree challenge to evidence gathered through the second warrant. (*Id.* at 11.)

## DISCUSSION

A party is not permitted to file a motion to reconsider without first obtaining the Court's permission based on a showing of "compelling circumstances." D. Minn. L.R. 7.1(j); *see also United States v. Johnson*, No. 16-193, 2020 WL 7418968, at *1 n.1 (D. Minn. Dec. 18, 2020) (District of Minnesota applies the same legal standard for motions to reconsider filed in criminal cases as those filed in civil cases). Motions to reconsider are meant to serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). Thus, granting permission to file a motion to reconsider is only appropriate when necessary to afford a party "an opportunity for relief in extraordinary

circumstances." *Shukh v. Seagate Tech., LLC*, No. 10-404, 2011 WL 2880726, at *1 (D. Minn. July 18, 2011) (quotation omitted). Diallo has alleged no such extraordinary circumstances. Rather, Diallo's letter largely reiterates arguments the Court has already considered and rejected.

Diallo argues that the Court ruled the "Account" emails and "Accountant Zip-Folder" were beyond the scope of the second search warrant. But the Court did not find that any of the evidence gathered pursuant to the second search warrant was beyond its scope. The Court only found that the first warrant was overbroad. And even then, the good faith exception applied to the seized items. Because Diallo believes the "Account" emails and "Accountant Zip-Folder" were outside the scope of the second warrant, he believes the officers could not have been acting with good faith. However, the Court's discussion of the good faith exception pertained only to the first warrant and the fruit of the poisonous tree doctrine. Never has the opening of the "Account" emails or "Accountant Zip-Folder" been found to be outside the scope of the second search warrant. Diallo also argues that opening a zip folder is a separate search, requiring separate authorization. That too is without support. A zip folder is not meaningfully different from a regular computer folder for purposes of the Fourth Amendment; that the files were compressed does not put them outside the reach of the search warrant.

In general, Diallo seems to conflate the Court's ruling that the first search was overbroad with a perceived ruling that the second search went beyond its proper scope.

Because that apprehension is incorrect and the emails and zip folder were properly collected pursuant to the second warrant, the Court denied Diallo's request to file a motion for reconsideration.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Request to File a Motion to Reconsider [Docket No. 304] is **DENIED**.

DATED:  November 14, 2023                  ____s/John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                  United States District Judge