**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

              Plaintiff,

        v.                                Criminal No. 18-305 (JRT/DTS)

WAYNE ROBERT DAHL, JR.,

              Defendant.

---

UNITED STATES OF AMERICA,

              Plaintiff,

        v.                                Criminal No. 20-128 (JRT)

MICHAEL OELRICH,

              Defendant.

---

UNITED STATES OF AMERICA,

              Plaintiff,

        v.                                Criminal No. 20-231 (JRT/DTS)

DANIEL MATHIAS, *et al.*,

              Defendants.

---

UNITED STATES OF AMERICA,

                              Plaintiff,

              v.                                   Criminal No. 20-232 (JRT/JFD)

RUSSELL JASON RAHM, *et al.*,

                              Defendants.

UNITED STATES OF AMERICA,

                              Plaintiff,

              v.                                   Criminal No. 20-233 (JRT/DTS)

CODY WAYNE TIMMERMAN, *et al.*,

                              Defendants.

UNITED STATES OF AMERICA,

                              Plaintiff,

              v.                                   Criminal No. 20-285 (JRT/DTS)

CAROL ANN OLBERG,

                              Defendant.

UNITED STATES OF AMERICA,

                              Plaintiff,

              v.                                   Criminal No. 21-101 (JRT/DTS)

JEREMY WADE WILSON,

                              Defendant.

**MEMORANDUM OPINION AND AMENDED ORDER OF RESTITUTION AND SETTING
HYBRID RESTITUTION**

On October 1, 2025, the Government moved to amend restitution and set hybrid restitution in each of the above-captioned matters.[1]  The Government seeks to amend restitution for nine Defendants and set hybrid restitution as to all Defendants.

Hybrid restitution combines the discretion and apportionment authority permitted for restitution awards under the Mandatory Victims Restitution Act (MVRA) with the common law concept of joint and several liability.  *United States v. Yalincak*, 30 F.4th 115, 124 (2d Cir. 2022).  Accordingly, hybrid restitution orders "limit the restitution obligation for some participants in a crime while concurrently holding other participants liable for the full amount of the loss."  *Id*. at 126; *see also* 18 U.S.C. §§ 3663A(d), 3664(h).  The purpose of the hybrid approach to restitution is to prioritize making the victim whole while at the same time, accounting for the varying levels of culpability of the participants in a criminal scheme.  *See Yalincak*, 30 F.4th at 124.  In awarding hybrid restitution, the Court "may not award restitution that would result in the payment to the victim of an amount greater than the victim's loss, nor . . . award restitution to victims that have not been 'directly and proximately harmed' by a defendant's offense."  *United States v. Sheets*, 814 F.3d 256, 260 (5th Cir. 2016) (citing 18 U.S.C. § 3663A(a)(2) and *United States v. De Leon*, 728 F.3d 500, 506 (5th Cir. 2013)).

---

[1] The Government submitted the same motion in each matter listed in the caption.  The relevant docket numbers are provided in Part I, *infra*.

As outlined more fully below, the Government asks the Court to hold Wayne Robert Dahl, Jr. (Criminal No. 18-305); Michael Oelrich (Criminal No. 20-128); Russell Jason Rahm, Anthony Eugene Moulder, Henry Aragon, Brian James Williams, Jared Thomas Michelizzi, Timothy Paul Hanssen (Criminal No. 20-232); and Abdou Diallo (Criminal No. 20-233) liable for up to the full amount of the victims' loss, totaling $8,152,856.55.[2] The remaining Defendants would be jointly and severally liable for lower restitution amounts.

Because the Court finds that hybrid restitution in these matters is compatible with both the MVRA and joint and several liability in restitution obligations, the Court will grant the Government's motions in each matter.

## I.       GOVERNMENT'S MOTIONS

### *United States v. Dahl*

In *United States v. Dahl* (Criminal No. 18-305), the Government moves to Amend/Correct Restitution and Set Hybrid Restitution as to Defendant Wayne Robert Dahl, Jr. (Docket No. 84).

At the time of sentencing, **Wayne Robert Dahl, Jr.** was ordered to pay restitution of $10,564,309.00 jointly and severally with his co-defendants and related defendants.

---

[2] As the Government outlines in its briefing, 3744 victims of the conspiracy have requested restitution, and the Government has determined that the total loss to these victims is $8,152,856.55. (Government's Mot. to Amend Restitution and Set Hybrid Restitution at 6; *see also id.*, Ex. A.)

(Sentencing Judgment, Feb. 6, 2025, Docket No. 82.)  The Government moves to amend the amount of restitution to $8,152,856.55.

### United States v. Oelrich

In *United States v. Oelrich* (Criminal No. 20-128), the Government moves to Amend/Correct Restitution and Set Hybrid Restitution as to Defendant Michael Oelrich (Docket No. 79).

At the time of sentencing, **Michael Oelrich** was ordered to pay restitution of $30,440,137.00 jointly and severally with his co-defendants and related defendants. (Amended Sentencing Judgment, Dec. 16, 2024, Docket No. 69.)  The Government moves to amend the amount of restitution to $8,152,856.55.

### United States v. Mathias

In *United States v. Mathias* (Criminal No. 20-231), the Government moves to Amend/Correct Restitution and Set Hybrid Restitution as to Defendants Daniel Mathias,

Vasean Berioisova Ricks, Diana Repell Logan, Ivory Denise Alexander, Angel Wilson, Sharon

Denise McEwen, Ronald Ollo Coleman, and Rita Antoinette Albritton (Docket No. 429).[3]

Restitution as to these Defendants would not change.

***United States v. Rahm***

In *United States v. Rahm* (Criminal No. 20-232), the Government moves to

Amend/Correct Restitution and Set Hybrid Restitution as to Defendants Russell Jason

Rahm, Terry Lynn Christensen, Jannice Kristina Laur, Petra Jinette Laboy, David John

Moulder, Anthony Eugene Moulder, Rhonda Jean Moulder, Barbara Ann Moulder, Luis

Orlando Mendizabal, Jeffrey Lee Smoliak, John Michael Blalock, Lloyd Joseph Loftis, Bryant

Jarode Critten, Natesha Jahmelia Marson, Thomas Athanasios Kiritsis, Daniel Morris

Klibanoff, Brian Douglass Cox, John Thomas Harbert, III, Amondo Antoine Miller, Kiley

---

[3] At the time of sentencing, **Daniel Mathias** was ordered to pay restitution of $2,746,547.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Nov. 13, 2024, Docket No. 373); **Vasean Berioisova Ricks** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 14, 2022, Docket No. 266); **Diana Repell Logan** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 19, 2024, Docket No. 396); **Ivory Denise Alexander** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 7, 2022, Docket No. 261); **Angel Wilson** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Oct. 29, 2025, Docket No. 435); **Sharon Denise McEwen** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 14, 2022, Docket No. 268); **Ronald Ollo Coleman** was ordered to pay restitution of $1,762,912.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Dec. 16, 2024, Docket No. 393); **Rita Antoinette Albritton** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Jan. 31, 2024, Docket No. 326).

Marie Saindon, Henry Aragon, Lucille J Patterson, James Anthony Sierra, Tara Nichole Creason, Yvonne Patterson, Charitie A Seelye, Bonnie Lee Colbert, Jennifer Lynn Williamson, Jessica Marie Prince, Brian James Williams, Tashena Lavera Crump, Jared Thomas Michelizzi, Eric Patrick McGarrity, Andrew John Landsem, Ballam Hezeakiah Dudley, Caitlin Colleen Schlussler, Monica Sabina Sharma-Hanssen, Timothy Paul Hanssen, Corlos Kentrell Smith, Stacey Leigh Granberry, Patricia Nichole Shinn, Leeann Garcia, and Eric Stephen Esherick (Docket No. 3038).

At the time of sentencing, **Russell Jason Rahm** was ordered to pay restitution of $103,189,961.00 jointly and severally with his co-defendants and related defendants. (Sentencing Judgment, Jan. 14, 2025, Docket No. 2923.)  The Government moves to amend the amount of restitution to $8,152,856.55.

At the time of sentencing, **Anthony Eugene Moulder** was ordered to pay restitution of $86,589,272.00 jointly and severally with his co-defendants and related defendants. (Sentencing Judgment, Aug. 27, 2024, Docket No. 2436.)  The Government moves to amend the amount of restitution to $8,152,856.55.

At the time of sentencing, **Henry Aragon** was ordered to pay restitution of $19,051,667.00 jointly and severally with his co-defendants and related defendants. (Sentencing Judgment, Nov. 13, 2024, Docket No. 2712.)  The Government moves to amend the amount of restitution to $8,152,856.55.

At the time of sentencing, **Brian James Williams** was ordered to pay restitution of $29,262,249.00 jointly and severally with his co-defendants and related defendants.

-7-

(Sentencing Judgment, Dec. 16, 2024, Docket No. 2834.)  The Government moves to amend the amount of restitution to $8,152,856.55.

At the time of sentencing, **Jared Thomas Michelizzi** was ordered to pay restitution of $22,076,363.00 jointly and severally with his co-defendants and related defendants. (Amended Sentencing Judgment, July 15, 2025, Docket No. 2993.)  The Government moves to amend the amount of restitution to $8,152,856.55.

At the time of sentencing, **Timothy Paul Hanssen** was ordered to pay restitution of $9,500,000.00 jointly and severally with his co-defendants and related defendants. (Sentencing Judgment, Aug. 27, 2024, Docket No. 2439.)  The Government moves to amend the amount of restitution to $8,152,856.55.

Restitution as to the other Defendants—Terry Lynn Christensen, Jannice Kristina Laur, Petra Jinette Laboy, David John Moulder, Rhonda Jean Moulder, Barbara Ann Moulder, Luis Orlando Mendizabal, Jeffrey Lee Smoliak, John Michael Blalock, Lloyd Joseph Loftis, Bryant Jarode Critten, Natesha Jahmelia Marson, Thomas Athanasios Kiritsis, Daniel Morris Klibanoff, Brian Douglass Cox, John Thomas Harbert, III, Amondo Antoine Miller, Kiley Marie Saindon, Lucille J Patterson, James Anthony Sierra, Tara Nichole Creason, Yvonne Patterson, Charitie A Seelye, Bonnie Lee Colbert, Jennifer Lynn Williamson, Jessica Marie Prince, Tashena Lavera Crump, Eric Patrick McGarrity, Andrew John Landsem, Ballam Hezeakiah Dudley, Caitlin Colleen Schlussler, Corlos Kentrell Smith,

Stacey Leigh Granberry, Patricia Nichole Shinn, Leeann Garcia, and Eric Stephen Esherick—

would not change.[4]

_____

[4] At the time of sentencing, **Terry Lynn Christensen** was ordered to pay restitution of $100,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 19, 2024, Docket No. 2853); **Jannice Kristina Laur** was ordered to pay restitution of $100,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Oct.. 11, 2024, Docket No. 2558); **Petra Jinette Laboy** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 17, 2024, Docket No. 2836); **David John Moulder** was ordered to pay restitution of $1,311,532.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Dec. 19, 2024, Docket No. 2856); **Rhonda Jean Moulder** was ordered to pay restitution of $100,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Feb. 16, 2024, Docket No. 2203); **Barbara Ann Moulder** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, June 12, 2023, Docket No. 1598); **Luis Orlando Mendizabal** was ordered to pay restitution of $50,000.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, May 2, 2024, Docket No. 2292); **Jeffrey Lee Smoliak** was ordered to pay restitution of $15,000.00 jointly and severally with his co-defendants and related defendants (Second Amended Sentencing Judgment, June 23, 2023, Docket No. 1625); **John Michael Blalock** was ordered to pay restitution of $100,000.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, July 25, 2024, Docket No. 2383); **Lloyd Joseph Loftis** was ordered to pay restitution of $50,000.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Nov. 5, 2024, Docket No. 2671); **Bryant Jarode Critten** was ordered to pay restitution of $15,000.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Nov. 21, 2024, Docket No. 2728); **Natesha Jahmelia Marson** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 17, 2024, Docket No. 2832); **Thomas Athanasios Kiritsis** was ordered to pay restitution of $50,000.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Oct. 21, 2024, Docket No. 2593); **Daniel Morris Klibanoff** was ordered to pay restitution of $2,320,441.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Dec. 19, 2024, Docket No. 2850); **Brian Douglass Cox** was ordered to pay restitution of $121,820.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Jan. 3, 2025, Docket No. 2902); **John Thomas Harbert, III** was ordered to pay restitution of $491,690.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Nov. 5, 2024, Docket No. 2680); **Amondo Antoine Miller** was ordered to pay restitution of $2,722,431.11 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Oct. 9, 2024, Docket No. 2550); **Kiley Marie Saindon** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 14, 2023, Docket No. 2116); **Lucille J Patterson** was ordered to pay restitution of $1,374.557.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, May 9, 2024, Docket No. 2303);

---

**James Anthony Sierra** was ordered to pay restitution of $100,000.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Dec. 19, 2024, Docket No. 2860); **Tara Nichole Creason** was ordered to pay restitution of $100,000.00 jointly and severally with her co-defendants and related defendants (Amended Sentencing Judgment, Apr. 5, 2024, Docket No. 2256); **Yvonne Patterson** was ordered to pay restitution of $4,194,471.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Aug. 23, 2024, Docket No. 2427); **Charitie A Seelye** was ordered to pay restitution of $100,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Jan. 3, 2025, Docket No. 2898); **Bonnie Lee Colbert** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Amended Sentencing Judgment, Oct. 30, 2024, Docket No. 2640); **Jennifer Lynn Williamson** was ordered to pay restitution of $100,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Nov. 5, 2024, Docket No. 2682); **Jessica Marie Prince** was ordered to pay restitution of $100,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 5, 2023, Docket No. 2093); **Tashena Lavera Crump** was ordered to pay restitution of $100,000.00 jointly and severally with her co-defendants and related defendants (Amended Sentencing Judgment, Nov. 21, 2024, Docket No. 2731); **Eric Patrick McGarrity** was ordered to pay restitution of $100,000.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, July 5, 2023, Docket No. 1641); **Andrew John Landsem** was ordered to pay restitution of $15,000.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Oct. 9, 2024, Docket No. 2547); **Ballam Hezeakiah Dudley** was ordered to pay restitution of $15,000.00 jointly and severally with his co-defendants and related defendants (Amended Sentencing Judgment, July 31, 2024, Docket No. 2397); **Caitlin Colleen Schlussler** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Jan. 2, 2024, Docket No. 2143); **Corlos Kentrell Smith** was ordered to pay restitution of $15,000.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Sept. 18, 2024, Docket No. 2463); **Stacey Leigh Granberry** was ordered to pay restitution of $6,894,439.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 23, 2024, Docket No. 2883); **Patricia Nichole Shinn** was ordered to pay restitution of $50,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Sept. 11, 2024, Docket No. 2459); **Leeann Garcia** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Nov. 1, 2024, Docket No. 2661); **Eric Stephen Esherick** was ordered to pay restitution of $15,000.00 jointly and severally with his co-defendants and related defendants (Amended Sentencing Judgment, Nov. 21, 2024, Docket No. 2732).

Monica Sabina Sharma-Hanssen is a fugitive and has not been sentenced.

-10-

***United States v. Timmerman***

In *United States v. Timmerman* (Criminal No. 20-233), the Government moves to Amend/Correct Restitution and Set Hybrid Restitution as to Defendants Cody Wayne Timmerman, Irma Beatrice Timmerman, Siarra Iris Dawn Gallegos, Justin Donald Suhajda, Todd Allen Hughes, Derek Bolf, Andrew Whitaker, Saman Moghbel, and Abdou Diallo (Docket No. 527).

At the time of sentencing, **Abdou Diallo** was ordered to pay restitution of $9,000,000.00 jointly and severally with his co-defendants and related defendants. (Amended Sentencing Judgment, Sept. 9, 2024, Docket No. 435.) The Government moves to amend the amount of restitution to $8,152,856.55.

Restitution as to the other Defendants—Cody Wayne Timmerman, Irma Beatrice Timmerman, Siarra Iris Dawn Gallegos, Justin Donald Suhajda, Todd Allen Hughes, and Saman Moghbel—would not change.[5]

### United States v. Olberg

In *United States v. Olberg* (Criminal No. 20-285), the Government moves to Amend/Correct Restitution and Set Hybrid Restitution as to Defendant Carol Ann Olberg (Docket No. 59).[6]

---

[5] At the time of sentencing, **Cody Wayne Timmerman** was ordered to pay restitution of $1,853,293.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Feb. 11, 2025, Docket No. 491); **Irma Beatrice Timmerman** was ordered to pay restitution of $1,853,293.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Feb. 6, 2025, Docket No. 489); **Siarra Iris Dawn Gallegos** was ordered to pay restitution of $15,000.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Jan. 2, 2024, Docket No. 333); **Justin Donald Suhajda** was ordered to pay restitution of $1,495,135.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, May 2, 2024, Docket No. 406); **Todd Allen Hughes** was ordered to pay restitution of $15,000.00 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Nov. 1, 2024, Docket No. 452); **Saman Moghbel** was ordered to pay restitution of $3,498,003.00 jointly and severally with his co-defendants and related defendants (Amended Sentencing Judgment, Jan. 2, 2025, Docket No. 474).

**Derek Bolf** is a fugitive and has not been sentenced.

The Indictment as to **Andrew Whitaker** was dismissed. (Order Granting Mot. Dismiss, July 3, 2024, Docket No. 522.)

[6] At the time of sentencing, **Carol Ann Olberg** was ordered to pay restitution of $1,391,909.00 jointly and severally with her co-defendants and related defendants (Sentencing Judgment, Dec. 19, 2024, Docket No. 55).

***United States v. Wilson***

In *United States v. Wilson* (Criminal No. 21-101), the Government moves to Amend/Correct Restitution and Set Hybrid Restitution as to Jeremy Wade Wilson (Docket No. 138).[7]

## II.    October 10, 2025 Order & Responses

On October 10, 2025, the Court issued an order providing that any objections to the Government's motion to amend restitution and set hybrid restitution should be filed with the Court within 14 days.

No response was received from the Defendants in *United States v. Dahl* (Criminal No. 18-305), *United States v. Oelrich* (Criminal No. 20-128), or *United States v. Olberg* (Criminal No. 20-285).   A non-substantive response was received in *United States v. Mathias* (Criminal No. 20-231).[8]

In *United States v. Rahm* (Criminal No. 20-232), Ballam Hezeakiah Dudley took no position on the Government's motion but requested that any order include a provision that no restitution enforcement or collection action begin until 60 days after Dudley is

---

[7] At the time of sentencing, **Jeremy Wade Wilson** was ordered to pay restitution of $4,815,597.57 jointly and severally with his co-defendants and related defendants (Sentencing Judgment, Feb. 4, 2025, Docket No. 116).

[8] Ronald Ollo Coleman submitted a *pro se* response noting that his only pending issue before the Court is his Motion for Compassionate Release.  (*See* Criminal No. 20-231, Docket No. 437.)

released from BOP custody.  (Resp. Mot. Amend Restitution & Set Hybrid Restitution, Oct. 16, 2025, Docket No. 3043.)

In *United States v. Wilson* (Criminal No. 21-101), Jeremy Wade Wilson took no position on the Government's motion but requested that any order include a provision that no restitution enforcement or collection action begin until after 90 days from when Wilson is released from BOP custody.  (Resp. Mot. Amend Restitution & Set Hybrid Restitution, Oct. 24, 2025, Docket No. 143.)

In *United States v. Timmerman* (Criminal No. 20-233), Diallo submitted a *pro se* Motion Opposing in Part Government's Proposed Modification (Nov. 18, 2025, Docket No. 533).[9]  While Diallo agrees that restitution should be lowered, he requests that the amount be set to $0—as opposed to $8,152,856.55.  Diallo argues that the Government has not provided sufficient evidence of the pecuniary loss of the victims or that the loss was tied to any specific Defendant.  (*See id.* at 2.)

## DISCUSSION

None of the Defendants object to the imposition of hybrid restitution in these cases, and the Court finds that hybrid restitution in these matters is compatible with both

---

[9] Also pending are Diallo's Motion to Compel AUSA for Restitution Supplement and Rule 36 (Docket No. 524) and Motion for Expedited Ruling on Rule 36 Motion (Docket No. 530).  The Government having now provided the Restitution Supplement to Defendant Diallo (*see* Exhibits to Motion Opposing in Part Government's Proposed Modification, Docket No. 535), these motions will be denied as moot.

the MVRA and the common law principle of joint and several liability in restitution cases. The Court will, therefore, grant the Government's motions to amend restitution and set hybrid restitution.

In accordance with Wilson's and Dudley's requests, the Court will include a provision in its Order that no restitution enforcement or collection action begin until after 90 days from when a Defendant is released from BOP custody.

With respect to Diallo's arguments that the Government has not provided sufficient evidence of the pecuniary loss of the victims, the Court disagrees. The Government has provided sufficient evidence to support the total amount of restitution. (*See, e.g.*, Government's Mot. to Amend Restitution and Set Hybrid Restitution, Ex. A.) Moreover, as presented and discussed at length at Diallo's sentencing, the Government has a substantial amount of additional evidence (in addition to what was submitted in Exhibit A to their motion) documenting the number of victims and the extent of the harm. Therefore, Diallo's motion to set his restitution amount to $0 will be denied.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.     The Government's Motion to Amend Restitution and Set Hybrid Restitution [Docket No. 84] in *United States v. Dahl* (Criminal No. 18-305) is **GRANTED**;

-15-

a. The restitution for Wayne Robert Dahl, Jr., Criminal No. 18-305(1) [Docket No. 82] is amended to $8,152,856.55;

2. The Government's Motion to Amend Restitution and Set Hybrid Restitution [Docket No. 79] in *United States v. Oelrich* (Criminal No. 20-128) is **GRANTED**;

a. The restitution for Michael Oelrich, Criminal No. 20-128(1) [Docket No. 69] is amended to $8,152,856.55;

3. The Government's Motion to Amend Restitution and Set Hybrid Restitution [Docket No. 429] in *United States v. Mathias* (Criminal No. 20-231) is **GRANTED**;

4. The Government's Motion to Amend Restitution and Set Hybrid Restitution [Docket No. 3038] in *United States v. Rahm* (Criminal No. 20-232) is **GRANTED**;

a. The restitution for Russell Jason Rahm, Criminal No. 20-232(1) [Docket No. 2923] is amended to $8,152,856.55;

b. The restitution for Anthony Eugene Moulder, Criminal No. 20-232(6) [Docket No. 2436] is amended $8,152,856.55;

c. The restitution for Henry Aragon, Criminal No. 20-232 (21) [Docket No. 2712] is amended to $8,152,856.55;

d. The restitution for Brian James Williams, Criminal No. 20-232(30) [Docket No. 2834] is amended to $8,152,856.55;

e. The restitution for Jared Thomas Michelizzi, Criminal No. 20-232(32) [Docket No. 2993] is amended to $8,152,856.55;

    f.   The restitution for Timothy Paul Hanssen, Criminal No. 20-232(38) [Docket No. 2439] is amended to $8,152,856.55;

5.   The Government's Motion to Amend Restitution and Set Hybrid Restitution [Docket No. 527] in *United States v. Timmerman* (Criminal No. 20-233) is **GRANTED**;

    a.   The restitution for Abdou Diallo, Criminal No. 20-233(9) [Docket. No. 435] is amended to $8,152,856.55;

    b.   Defendant Abdou Diallo's Motion to Compel AUSA for Restitution Supplement and Rule 36 [Docket No. 524] and Motion for Expedited Ruling on Rule 36 Motion [Docket No. 530] are **DENIED as moot**;

6.   Defendant Abdou Diallo's Motion Opposing in Part Government's Proposed Modification to Amend/Correct Restitution and Set Hybrid Restitution [Docket No. 533] is **DENIED**;

7.   The Government's Motion to Amend Restitution and Set Hybrid Restitution [Docket No. 59] in *United States v. Olberg* (Criminal No. 20-285) is **GRANTED**;

8.   The Government's Motion to Amend Restitution and Set Hybrid Restitution [Docket No. 138] in *United States v. Wilson* (Criminal No. 21-101) is **GRANTED**;

9.   For any Defendant in custody of the Bureau of Prisons, no restitution enforcement or collection action shall begin until after 90 days from when a Defendant is released from BOP custody;

-18-

10.    The Clerk of Court will not apportion each payment paid by joint co-defendants until each Defendant's obligation has been paid in full or the victim has been made whole by recovering the full amount of his or her loss; and

11.    The Government may continue to collect from a Defendant with joint and several liability until either (a) that Defendant has personally paid the amount imposed upon him or her, or (b) the victims have been made whole—whichever occurs first.


DATED: February 17, 2026                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                                    United States District Judge