**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

                                    Criminal No. 20-233(9) (JRT/DTS)
                    Plaintiff,

v.

                                                    **ORDER**

ABDOU DIALLO,

                    Defendant.

---

Defendant Abdou Diallo has a pending motion before the Court.  (Dec. 8, 2025, Docket No. 537.)  In his filing, Diallo asked for additional time to file a motion under 28 U.S.C. § 2255 or, in the alternative, for the Court to treat his filing as a motion under § 2255.  (*Id.*)

Diallo's initial sentencing judgment was entered on September 4, 2024 (Docket No. 433) and amended on September 9, 2024 (Docket No. 435).  On September 18, 2025, the Court granted Diallo's first pro se motion for an extension of time to file a motion under § 2255, setting the deadline for December 17, 2025.[1]  (Docket No. 526.)  On October 1, 2025, the Government moved to amend/correct restitution and set hybrid restitution. (Docket No. 527.)  On December 8, 2026, Diallo submitted his pending motion.

---

[1] Motions under § 2255 are generally subject to a statute of limitations period of one year, running from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f).

On February 17, 2026, the Court granted the Government's motion to amend/correct hybrid restitution (Docket No. 541) and entered a Second Amended Sentencing Judgment as to Diallo (Docket No. 542). On March 9, 2026, Diallo submitted a pro se notice of appeal. (Docket No. 547.)

Absent extraordinary circumstances, a district court should not consider § 2255 motions while a direct appeal is pending. *See, e.g.*, *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965). The rationale for the rule is that the disposition of the appeal may render the § 2255 motion moot. *E.g.*, *United States v. Gordon*, 634 F.2d 638, 638 (1st Cir. 1980) (collecting cases from other circuits). Accordingly, the Court will deny Diallo's pro se motion without prejudice as premature. The dismissal of this motion without prejudice will not count against Diallo should he wish to pursue a collateral challenge under § 2255 after conclusion of his direct appeal.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Abdou Diallo's Pro Se Motion for Second Extension of Time to File a Motion Under § 2255 (Docket No. [537]) is **DENIED without prejudice**.

DATED: April 2, 2026                         _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                              United States District Judge